# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2013

Lyle W. Cayce
Clerk

No. 12-20576

THE SUNSHINE KIDS FOUNDATION,

                                              Plaintiff–Appellee,

versus

SUNSHINE KIDS JUVENILE PRODUCTS, L.L.C.,
Now Known as Diono, L.L.C.,

                                              Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2496

Before SMITH, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Diono, L.L.C. ("Diono"), previously known as Sunshine Kids Juvenile

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20576

Products, L.L.C., appeals the denial of a motion to enforce its settlement agreement with Sunshine Kids Foundation ("SKF"). Because the agreement expressly excludes any release of Diono's retailers, we affirm.

I.

SKF, a charitable organization dedicated to enriching the lives of children with cancer, brought a trademark-infringement action against Diono, a manufacturer of car seats, in 2009. In September 2011, the parties executed a settlement agreement and agreed to a stipulated permanent injunction providing that in exchange for a release of liability for trademark infringement, Diono would cease using the "Sunshine Kids" mark in connection with its seats after December 31, 2011. The agreement also stated that "[t]he Release contained in . . . this Settlement Agreement shall not be construed to extend to the promotion or sale by any of [Diono's] customers or purchasers or purchasers of products that may bear the SUNSHINE KIDS Marks."

In January 2012, SKF claims to have discovered that certain Diono retailers were promoting and reselling Diono seats with the "Sunshine Kids" mark. Soon thereafter, SKF sent letters demanding the cessation of that practice. In response, Diono filed a post-judgment motion to enforce the settlement agreement. The district court denied the motion, concluding that Diono's retailers did not have a right to use the "Sunshine Kids" mark to promote and resell the seats under the First Sale Doctrine.

II.

Although the district court relied on the First Sale Doctrine in denying Diono's motion, we need not address whether the doctrine applies in this case because a motion to enforce a settlement agreement cannot be granted to enforce

a term that is not included in the settlement at issue.[1]  Diono argues that in authorizing the use of the "Sunshine Kids" mark in selling its car seats through December 31, 2011, the agreement impliedly includes a term authorizing its retailers' use of the mark as well.  Therefore, the argument continues, it is this implied authorization that should be enforced.

Even if the settlement-agreement release as originally written could be construed as impliedly covering Diono's retailers, however, that implication does not survive the present, express language to the contrary.[2]  The settlement agreement, according to its own terms, does not "extend [the release] to the promotion or sale by any of [Diono's] customers or purchasers of products that may bear the SUNSHINE KIDS mark."  As a result, the agreement does not deny the right of SKF to pursue a trademark infringement action against Diono's retailers, and it may not be enforced to that effect.  Our decision should not be misconstrued to hold that Diono's retailers do not have the right to use the "Sunshine Kids" mark in promoting and reselling car seats sold by Diono through December 31, 2011—that question is not before us—but only that Diono cannot legally enjoin SKF's actions regarding Diono's retailers via a motion to enforce the settlement agreement.

The order denying the motion to enforce settlement is AFFIRMED.

---

[1]  We may affirm for any reason supported by the record, even if not relied on by the district court.  *LLEH, Inc. v. Wichita Cnty., Tex.*, 289 F.3d 358, 364 (5th Cir. 2002).

[2] *See Delta Seaboard Well Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 343 (5th Cir. 2010) ("The plain language of a[ ] . . . contract[ ] must be given effect when the parties' intent may be discerned from the plain language.").